(No. 26991.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. FRANK L. NATHANSON, Plaintiff in Error.

*Opinion filed January 21, 1943—Rehearing denied March 15, 1943.*

WM. SCOTT STEWART, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, with others, was charged in the criminal court of Cook county with conspiracy to cause a large number of pregnant women to abort when abortions were unnecessary for the preservation of life. Plaintiff in error was found guilty and sentenced to a term in the county jail and to pay a fine.

He brings the case directly to this court on writ of error and assigns twenty-one errors. The twenty-first is, that due process of law was denied him by reason of other errors arising in the trial of the case which, among others, were: Denial of his motions to quash the indictment, for

bill of particulars, and to require the State to elect when requested at the commencement of the trial; error in admitting improper evidence and refusing to strike it out on motion; unduly limiting and ·restricting counsel for defendant in examination of witnesses; variance between evidence and the charge; insufficiency of evidence; refusal to direct a verdict on his motion; conduct of the State's Attorney; and giving and refusing instructions. He says that these accumulated errors deprived him of due process of law as guaranteed by the fourteenth amendment to the constitution of the United States and the Bill of Rights of the State and Federal constitutions.

The first question is whether this court has jurisdiction on direct writ of error. It is admitted the crime of which plaintiff in error was found guilty is a misdemeanor and his writ of error should have been sued out of the Appellate Court, unless a constitutional question is so directly involved as to give jurisdiction to this court on direct review. The fact that the court may have ruled erroneously on all of the motions and contentions of plaintiff in error does not tend to show that a question involving due process of law has arisen, and we are unable to see where a *bona fide* constitutional question has directly arisen in this case. Plaintiff in error, not content with the rulings of the court and the judgment against him, declares his trial was wanting in due process. A recital of such errors does not raise the question of due process of law and does not give this court jurisdiction on direct review. The cause is transferred to the Appellate Court, First District.

*Cause transferred.*